IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TUNYA HIGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5297-N-BN |
| | § | |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tunya Higgins filed an Original Petition in state court, which Defendant Bank of America, N.A. removed to this Court on December 31, 2012. *See* Dkt. Nos. 1 & 1-1. After Plaintiff filed two motions and a reply in late February 2013, all orders mailed to Plaintiff at the mailing address that she most recently provided have been returned, and attempts to contact Plaintiff by telephone have been unsuccessful. For the reasons stated herein, Plaintiff's case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

On November 29, 2012, Plaintiff sued Defendants Bank of America, N.A. ("Defendant") and Summit Funding, Inc. ("Summit") in state court. *See* Dkt. No. 1-1 at 5-15. Defendant Bank of America removed the case to this Court on December 31, 2013 and filed its Fed. R. Civ. P. 12(b)(6) motion to dismiss on January 14, 2013. *See* Dkt. Nos. 1 & 9. In response, Plaintiff filed a Special Appearance Challenging Personal

-1-

Jurisdiction, *see* Dkt. No. 11 and filed a response to the motion to dismiss as part of her brief in support of her Special Appearance Challenging Personal Jurisdiction, *see* Dkt. No. 12 at 4-12. Summit apparently has not been served and has not appeared.

On April 26, 2013, the undersigned entered findings of fact and conclusions of law and a recommendation that Defendant's motion to dismiss [Dkt. No. 9] should be granted in part and denied in part and that Plaintiff's Special Appearance Challenging Personal Jurisdiction [Dkt. No. 11] and her motion to remand [Dkt. No. 19] should be denied. *See* Dkt. No. 26. Judge Godbey accepted the undersigned's findings, conclusions, and recommendation in a May 31, 2013 Order. *See* Dkt. No. 28.

In the meantime, however, the Court's mailings to Plaintiff have been returned as undeliverable since the time of mailing the Court's February 15, 2013 electronic order. *See* Dkt. Nos. 22, 25, 27, 29, & 32. The Court's staff's and Defendant's counsel's efforts to contact Plaintiff by telephone have been unsuccessful. *See* Dkt. No. 33.

This was the second instance of problems with mailing orders and notices to Plaintiff. In a January 9, 2013 Order, the Court explained: "The Court notes that its mailings to Plaintiff have been returned as undeliverable, *see* Dkt. No. 7, but that Defendant's counsel reports that his office was able to contact Plaintiff to determine that Defendant's request is unopposed, *see* Dkt. No. 6. The Court further ORDERS Defendant Bank of America, N.A.'s counsel to contact Plaintiff, to confirm her current mailing address, and to serve her by January 11, 2013 with a copy of any filings (by Defendant or the Court) on the docket in this case to the extent that Plaintiff has not already received a copy thereof and to thereafter file a certificate of service with the

Court to confirm this service." Dkt. No. 8 at 1. The Court further ordered that, "[u]pon receipt of a copy of this Order, the Court further ORDERS Plaintiff to immediately file with the Court notice of a mailing address at which she can receive service from Defendants and the Court." *Id.* at 2. Plaintiff did not do so, but she did provide an updated mailing address within a motion filed on January 23, 2013. *See* Dkt. No. 11 at 2.

However, as noted above, mailings to the updated address began to be returned as undeliverable in late February 2013, *see* Dkt. No. 22, and Plaintiff has made no further filings and had no further contact with the Court since her last filings on February 25, 2013, *see* Dkt. Nos. 19, 20, & 21. Defendant's counsel reports that he has likewise been unable to contact Plaintiff since that time. *See* Dkt. No. 23 at 3; Dkt. No. 33 at 1.

The undersigned now determines that this case should be dismissed without prejudice pursuant to Rule 41(b).

**Legal standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court

order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Plaintiff has failed to provide an updated address despite the requirements of Local Civil Rules 83.13 and 83.14 and the Court's notices to Plaintiff requiring her to do so. Efforts to reach Plaintiff have been unsuccessful for several months. Without this information, the Court cannot communicate with Plaintiff, and this litigation cannot proceed.

Judge Godbey's order accepting the undersigned's recommendation called for Plaintiff to file an amended complaint within 21 days, *see* Dkt. No. 26 at 20; Dkt. No. 28, but the order never reached Plaintiff, *see* Dkt. No. 29. Most recently, the Court ordered the parties to confer and submit a joint status report and proposed scheduling plan, *see* Dkt. No. 30, but the Court's order was returned as undeliverable to Plaintiff's most recently provided mailing address, *see* Dkt. No. 32, and Defendant's counsel was unable to contact Plaintiff to confer, *see* Dkt. No. 33 at 1.

Dismissal is the only option available under the circumstances. *See Chieves v. Greyhound Bus Station,* No. 3:08-cv-2294-L, 2009 WL 464237, at *2 (N.D. Tex. Feb. 24, 2009) (dismissing *pro se* complaint for failure to provide Court with current address); *Washington v. Dallas County,* No. 3:08-cv-1355-B, 2008 WL 4791870, at *1 (N.D. Tex. Oct. 30, 2008) (same).

## Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE